UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Bret Steven Hedrington,                                        Civil No. 14-1048 (DWF/LIB)

          Plaintiff,

v.                                                                                      **ORDER ADOPTING REPORT
AND RECOMMENDATION**

Carolyn w. Colvin, Acting
Commissioner of Social Security,

          Defendant.

This matter is before the Court upon Plaintiff Bret Steven Hedrington's ("Plaintiff") objections (Doc. No. 26) to Magistrate Judge Leo I. Brisbois's July 27, 2015 Report and Recommendation (Doc. No. 24) insofar as it recommends that: (1) Plaintiff's Motion for Summary Judgment be denied; and (2) Defendant's Motion for Summary Judgment be granted. Defendant Carolyn W. Colvin filed a response to Plaintiff's objections on August 24, 2015. (Doc. No. 28.)

The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b). The factual background for the above-entitled matter is clearly and precisely set forth in the Report and Recommendation and is incorporated by reference for purposes of Plaintiff's objections.

Magistrate Judge Brisbois concluded that the Administrative Law Judge ("ALJ") properly weighed the medical opinions of the six doctors outlined below. First, Magistrate Judge Brisbois concluded that, upon the Court's independent review of the record as a whole, the ALJ properly weighed the medical opinion of Dr. Dorn. (Doc. No. 24 at 21-24.) The ALJ specifically articulated the reasons for why he discounted Dr. Dorn's opinions, which included the fact that they were not based on compelling medical evidence, were based on Plaintiff's subjective descriptions, and did not include a diagnosis of traumatic brain injury. (*Id.*) Further, Magistrate Judge Brisbois concluded that Plaintiff's arguments relating to Dr. Dorn's "nonexertional opinions" were misplaced because Dr. Dorn never performed assessments or offered opinions related to Plaintiff's nonexertional or mental limitations. (*Id.*) Second, Magistrate Judge Brisbois concluded that the "ALJ specifically considered Dr. Hoschouer's opinions and findings and articulated reasons for not affording the non-treating opinions great weight" and therefore the ALJ did not err when weighing his opinions. (*Id.* at 24-25.) Third, the Court concluded that the ALJ did not err when he declined to afford Dr. Hinze's opinions weight because the ALJ specifically articulated that the record did not corroborate Dr. Hinze's findings and because he was a consulting examining source who is not entitled to controlling weight. (*Id.* at 25-26.) Fourth, Magistrate Judge Brisbois found that the ALJ did not err in neglecting to mention Dr. Hipp's evaluation in his decision because Dr. Hipp was not a treating physician and did not base his evaluation on his own

findings but instead reviewed Plaintiff's records. (*Id.* at 26-27.) Fifth, Magistrate Judge Brisbois found that the ALJ did not err with respect to Dr. Johnson's opinions, which he considered and credited as an examining physician. Further, the ALJ did not err when he explicitly declined to give weight to Dr. Johnson's cognitive impairment and short term memory opinion because it was not based on objective findings. (*Id.* at 27-28.) Sixth, Magistrate Judge Brisbois concluded that the ALJ did not err when he afforded greater weight to Dr. Horozaniecki's opinions because he is allowed to rely upon the opinions of consulting opinions when the ALJ determines he cannot rely on a treating doctor's opinions and because the ALJ acted within his discretion and did so consistent with the objective medical evidence in the record as a whole. (*Id.* at 28-30.) Seventh, Magistrate Judge Brisbois concluded that the ALJ's residual functional capacity ("RFC") determination that Plaintiff is capable of performing sedentary work is supported by substantial evidence in the records as a whole. (*Id.* at 31-33.) Eighth, Magistrate Judge Brisbois concluded that "the ALJ *did* properly consider and weigh all medical evidence in the record, and that the RFC accurately reflected said assessment, the ALJ presented the [vocational expert ("VE")] with a complete hypothetical." (*Id.* at 33-34 (emphasis in original).) Finally, overall, the Court declined to substitute its own judgment for that of the ALJ's in accordance with legal standards.

Next, Magistrate Judge Brisbois concluded that the ALJ was not required to "complete" or otherwise update the record in this case and, as a result, properly, fully, and fairly developed and evaluated the record.  (*Id*. at 34-37.)   Similarly, Magistrate Judge Brisbois concluded that the ALJ did not err in his consideration and valuation of Plaintiff's mother's third party function report.  (*Id*. at 37-38.)   Finally, Magistrate Judge Brisbois concluded that, in light of the record as a whole, the ALJ did not err in his valuation and consideration of Plaintiff's credibility.

Plaintiff objects to the Report and Recommendation on the grounds that the Magistrate Judge failed to find that the ALJ erred by failing to specifically determine the weight to be given to the opinions of Plaintiff's treating/examining physicians. According to Plaintiff, the Magistrate Judge "consistently excused the ALJ from determining the evidentiary weight of the opinions," but failed to offer legal support for that approach.  (Doc. No. 26 at 2.)   Plaintiff also argues that the ALJ erred by failing to give more weight to the opinions of Plaintiff's treating and examining sources and that the Magistrate Judge failed to recognize this.   As a result, Plaintiff asserts that the ALJ's RFC assessment was inappropriate.   Plaintiff further asserts that the ALJ erred in failing to fully develop the record on Plaintiff's claim as is evidenced by significant evidence and the fact that the ALJ failed to make a finding on medical equivalency at step three. Finally, Plaintiff argues that the ALJ erred when weighing Plaintiff's credibility by failing to apply the required analytical factors and the Magistrate Judge failed to indicate why

such a failure was justified. Plaintiff asserts that the ALJ relied instead on Plaintiff's limited daily activities, which is an improper basis for discrediting Plaintiff's allegations as to his disability.

Respondent counters that the Report and Recommendation accurately recites the facts and correctly applies the law and should be adopted without modification. Specifically, Respondent asserts that the Magistrate Judge thoroughly addressed each of Plaintiff's primary concerns regarding the weight given to the opinions at issue and that substantial evidence in the record as a whole supports the ALJ's RFC finding and the hypothetical question offered to the VE. Respondent also counters that Plaintiff's argument regarding step three holds no weight because the state agency doctors were clear that Plaintiff did not qualify for a listed impairment and Plaintiff failed to carry his burden of proving he met or equaled the requirements. Finally, Respondent argues that the Magistrate Judge correctly assessed the ALJ's determinations with respect to Plaintiff's credibility and his mother's credibility.

The Court agrees with Respondent. The Magistrate Judge fully considered and addressed each of the arguments Plaintiff now makes and Plaintiff offers no compelling reason for deviation from the Magistrate Judge's thorough analysis. Even considering Plaintiff's arguments as true, the Court finds that the ALJ's decision to deny benefits was fully supported by substantial evidence in the record as a whole, *Tellez v. Barnhart*, 400 F.3d 953, 956 (8th Cir. 2005), and that the ALJ's decision falls within the "available zone

of choice," *Bradley v. Astrue*, 528 F.3d 1113, 1115 (8th Cir. 2008). As a result, finding otherwise, the Court would be substituting its own judgment or findings for those of the ALJ, which is not permitted. *See Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

Based upon the *de novo* review of the record and all of the arguments and the submissions of the parties and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

## ORDER

1. Plaintiff Bret Steven Hedrington's objections (Doc. No. [26]) to Magistrate Judge Leo I. Brisbois's July 27, 2015 Report and Recommendation are **OVERRULED**.

2. Magistrate Judge Leo I. Brisbois's July 27, 2015 Report and Recommendation (Doc. No. [24]) is **ADOPTED**.

3. Plaintiff Bret Steven Hedrington's Motion for Summary Judgment (Doc. No. [18]) is **DENIED**.

4. Defendant Carolyn W. Colvin's Motion for Summary Judgment (Doc. No. [20]) is **GRANTED** and this action is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: September 17, 2015      s/Donovan W. Frank
                               DONOVAN W. FRANK
                               United States District Judge